### JOY v. GLIDDEN VARNISH CO.

(Circuit Court, D. Massachusetts. November 9, 1897.)

#### No. 655.

1. PLEADING IN ASSUMPSIT—ALLEGATIONS OF PERFORMANCE.
    In assumpsit to recover for services rendered under the contract of hiring alleged in this case, performance may be alleged in general terms.

2. SAME—PLEADING CONTRACT.
    In this case, arising under the practice acts of Massachusetts, the declaration is not defective because it annexes a copy of a contract which refers to other contracts, without also setting out the latter.

3. SAME—ILLEGAL CONTRACT—DEMURRER TO DECLARATION.
    In a suit to recover compensation under a contract, and not for damages for a breach, or to enforce specific performance, the fact that the contract does not show the nature of the services contemplated is not sufficient ground for holding that public policy prevented recovery for services actually rendered.

This was an action at law by William F. Joy against the Glidden Varnish Company to recover compensation for services alleged to have been rendered under a contract. The case was heard upon demurrer to the declaration.

Hutchins & Wheeler, for plaintiff.
Heman W. Chaplin, for defendant.

PUTNAM, Circuit Judge. The plaintiff's declaration in this case contains two counts, which are as follows:

"First Count. And the plaintiff says that in or about the month of April, 1883, the plaintiff and the defendant entered into an agreement under seal, a copy whereof is hereto annexed, marked 'A,' whereby the defendant, in consideration of the covenants of the plaintiff therein contained, covenanted and agreed, so long as it should continue in business, to hire and employ, in Boston,

the services of the plaintiff in its business, and to pay him for said services the sum of one hundred sixty-six 66⅔-100 dollars monthly for each and every calendar month beginning with the 1st day of January, 1883, and also covenanted and agreed on the 1st day of January in each year, so long as it should continue in business, to render a true account of the same, wherein its net profits should be shown on January 1st of each year, and should pay to the plaintiff each said 1st day of January in each year during the continuance of said agreement, for the plaintiff's services, a sum which, added to said one hundred sixty-six 66⅔-100 dollars per month, should make the sum paid to the plaintiff for his services equal to fifty per cent. of the net profits of the said business of the defendant; such net profits to include the sums drawn out by the defendant's president, F. H. Glidden. And the defendant continued in business up to and including the year 1890, and the plaintiff performed all the services covenanted by him to be performed during said year 1890; but the defendant neglected and refused to pay him for said services in accordance with its covenants contained in said agreement, and has neglected to pay him any sum therefor; and the defendant neglected and refused on January 1, 1891, to render an account of its business for the year 1890 to the plaintiff, showing its net profits for the year 1890, and has never rendered such account, although requested so to do; and the net profits of the defendant during said year 1890 amounted to a large sum of money, to wit, the sum of twenty-four thousand dollars, and the defendant owes the plaintiff a sum equal to fifty per cent. thereof, namely, the sum of twelve thousand dollars, with interest thereon from January 1, 1891, when payment of the same was demanded. Second Count. And the plaintiff says the defendant owes him the sum of twelve thousand dollars, according to the account hereto annexed:

"Account Annexed.

"The Glidden Varnish Company to William F. Joy, Dr.

(1) 1891, Jan. 1. For services rendered at Boston during the year
1890 ................................................................... $12,000"

## The plaintiff subsequently amended as follows:

"Now comes the plaintiff, and, with the consent of the defendant and leave of court, amends his declaration heretofore filed in said cause as follows: By inserting in the first count of said declaration, after the words 'And the defendant continued in business up to and including the year 1890,' the following words: 'And the plaintiff entered the employ of the defendant, in Boston, Massachusetts, on the execution of said agreement, and continued in said employ thereafter, and during the entire year 1890: and while in the defendant's employ, and during said year 1890, the plaintiff devoted so much of his time therein as the exigencies of the defendant's business required, and in the prosecution of said business used his best endeavors for the interest of said defendant.' "

## The defendant, as permitted by the practice acts of Massachusetts, joins with a general denial a demurrer, as follows:

"[In respect of the first count.] (1) The contract set forth is void for indefiniteness. (2) The count does not sufficiently set forth the services due from, or the services rendered by, the plaintiff, and does not in any manner sufficiently allege performance by the plaintiff. (3) The agreement between the plaintiff and Glidden W. Joy, referred to in Exhibit A of the declaration, should have been, but is not, set forth; nor is the substance or legal effect thereof alleged. (4) The count sets forth no cause of action. [In respect of the second count.] (1) The count annexed is indefinite, general, and vague, and thereby the count is defective, for indefiniteness, vagueness, and generality."

No objection was urged at the hearing against the second count, and plainly it contains a good indebitatus assumpsit at common law, and also under the practice acts.

The plaintiff's amendment fully meets the second ground of demurrer to the first count. It contains allegations of performance,

which are clearly sufficient, under any system of pleading, as applied to all cases where more particular allegations would involve great detail.

On the present state of the record, the third ground of demurrer to the first count presents no difficulty. Under the practice acts, the plaintiff might have set out a copy of the contract sued on, or the part thereof relied on, "or the legal effect thereof." That the alternative gave the plaintiff an option which, if exercised, would relieve him from setting out a copy of any part of the contract, seems to have been settled in Higgins v. McDonnell, 16 Gray, 386. In the present case the plaintiff does not seem to have availed himself of his option, but he has attempted to set out a copy of the alleged contract, and also its legal effect. Whether or not, under the practice acts, he could properly do this, thus incurring the risk of duplicity and inconsistency, we need not determine, as the defendant has taken no objection on this point. The defendant's precise objection is that the copy of the contract set out refers to other contracts in such manner as to make them substantial parts of itself, and that, therefore, the contracts thus referred to should also be set out. It would sufficiently answer this to say that the practice acts are satisfied by the plaintiff setting out the parts of the contract relied on by him. Of course, in selecting the parts so relied on he takes the chance of its appearing at the trial that parts not set out are essential. It cannot always appear in advance of the trial that essential parts have been omitted, and such is the present position, as the relation of the parts omitted to those stated are not clear to the court on the face of the declaration. But there is a more fundamental reason for this conclusion. The contract itself requires interpretation in the light of the circumstances surrounding it, and therefore, as an element of the plaintiff's declaration, it is of a lower order than the formal allegations in the declaration, and so the latter overrule whatever appears in the copy of the contract. The formal allegations set out a complete contract, and, if there is a variance, it cannot appear until the trial on the issue of fact.

As to the remaining ground of demurrer to the first count, Hervey v. Moseley, 7 Gray, 479, in a suit to recover damages for the breach of a contract for services not defined, and at a place not defined, holds that such a contract is against public policy. In the case at bar the place of service is defined, and the nature thereof is limited by the character of the business of the defendant corporation. However, the suit at bar does not relate to the specific enforcement of a contract, or to damages for its breach, but only to compensation for services already rendered under it. As the defendant is a mere business corporation, and exercises no public function, none of the objections raised by defendant touch any question of public policy of such a character as to prevent recovery for services actually rendered; nor are the objections to any want of definiteness or reasonableness of so radical a character as to prevent such recovery, if the contract declared on be shown on trial to be in fact that of the defendant corporation. Therefore, as the

suit is not for specific performance, or for damages for nonperformance, but only for compensation so far as the contract has in fact been executed, none of the objections taken by the defendant require that they be further investigated on this demurrer, whatever difficulties, if any, may be developed at a trial of the issue of fact. The demurrer to the first and second counts is overruled, and the counts are adjudged sufficient.